UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELICIA WINTERS and ME'KAYLA RENTER, on behalf of themselves and all other similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>AIMCO/BETHESDA HOLDINGS INC., a Delaware corporation; AIMCO PROPERTIES FINANCE CORP., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 18cv1937-JAH (MDD)<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFFS' MOTION TO REMAND (Doc. No. 9)**<br><br>**(2) DENYING DEFENDANTS' MOTION TO COMPEL ARBITRATION AS MOOT (Doc. No. 6)** |

## **INTRODUCTION**

Pending before the Court is Plaintiffs Felicia Winters and Me'Kayla Renter's (collectively "Plaintiffs") motion to remand (Doc. No. 9). The motion is fully briefed. Defendants Aimco/Bethesda Holdings, Inc. and Aimco Properties Finance Corp. (collectively "Defendants") filed a response in opposition (Doc. No. 15). After careful review of the pleadings, and for the reasons set forth below, the Court **GRANTS** Plaintiffs' motion to remand. Further, Defendants' motion to compel arbitration and stay proceeding (Doc. No. 6) is **DENIED** as moot.

# BACKGROUND

On August 20, 2018, this Court received Defendants' notice of removal from Superior Court of California, County of San Diego. Doc. No. 1. In the notice of removal, Defendants assert that Plaintiffs filed an amended complaint against Defendants in state court on July 20, 2018. Id. at pg. 3. Plaintiffs' amended complaint asserts a Private Attorneys General Act ("PAGA") cause of action alleging labor grievances. Id. at pgs. 3-5. Defendants contend removal is timely, and this Court has diversity jurisdiction over the case. Id. at pgs. 3-6. On August 27, 2018, Defendants filed a motion to compel arbitration and stay proceeding. Doc. No. 6. In the motion, Defendants argue that some of Plaintiffs' claims fall under the terms of a signed arbitration agreement. See Doc. No. 6. Further, Defendants request this Court stay all non-arbitrable claims. Id. Plaintiffs filed a response in opposition to Defendants' motion on September 17, 2018. Doc. No. 10. On the same day, September 17, 2018, Plaintiffs filed a motion to remand the case to state court. Doc. No. 9. Defendants filed a response in opposition to Plaintiffs' motion on October 22, 2018. Doc. No. 15.

# DISCUSSION

## I. Legal Standard

The federal court is one of limited jurisdiction. Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 523 U.S. 83, 93-94 (1998). The removal statute, 28 U.S.C. § 1441 allows defendants to remove an action when a case originally filed in state court presents a federal question, or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a) and (b); 28 U.S.C. §§1331, 1332(a). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988). The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is

proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Specifically, the burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

## II. Analysis

### a. Motion to Remand

Plaintiffs argue that Defendants do not meet the burden for removal, and Plaintiffs request remand to state court. Doc. No. 9-1 at pg. 6. Plaintiffs contend that Defendants fail to invoke diversity jurisdiction. Id. at pg. 7. Plaintiffs assert the California Supreme Court has determined that in a PAGA action, the state, and not the employee, is the party opposing the employer. Id. at pg. 8. Further, Plaintiffs argue that under California law, the Labor and Workforce Department Agency ("LWDA") is the alter ego of the state of California. Id. at pgs. 8-13. Plaintiffs contend thus, in a PAGA action, the state of California is the real party in interest, and states do not have citizenship for the purpose of diversity jurisdiction. Id. at pg. 8.

Plaintiffs also argue that Defendants fail to meet the amount in controversy requirement necessary to establish federal diversity jurisdiction. Id. at pg. 13. Specifically, Plaintiffs contend they only pled one cause of action. Id. at pg. 14. Plaintiffs assert that in a PAGA cause of action, a plaintiff can only recover penalties available under the PAGA statute. Id. Plaintiffs contend they only seek $67,535.84 in damages. Id. Plaintiffs assert that Defendants admitted the amount in controversy, prior to a calculation of attorney's fees, is $73,068.30. Id. at pg. 15 (citing Doc. No. 1 at pg. 12). Plaintiffs argue that Defendants, in calculating the amount in controversy, erroneously include figures not recoverable under PAGA. Id. at pg. 13. Plaintiffs contend that Defendants failed to present evidence of attorney's fees at the time of removal. Id.

In response, Defendants argue that there is complete diversity of citizenship. Defendants assert both Plaintiffs are from California while both Defendants are citizens of Colorado and Delaware. Doc. No. 15 at pg. 3. Defendants assert that in PAGA cases, the actual party is not replaced by the state of California. Id. (citing Chavez v. Time Warner

3

Cable LLC, 2016 WL 1588096, *2-*3 (C.D. Cal. April 20, 2016). Defendants argue that Plaintiffs do not dispute complete diversity, and thus, Defendants contend they have met their burden. Id. at pg. 4.

Defendants also argue that compensatory damages, waiting time penalties, and liquidated damages be included in the amount in controversy because Plaintiffs seek such relief. Id. Defendants contend that the Ninth Circuit generally supports this notion so long as "the claim is apparently made in good faith." Id. (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). Defendants assert here, Plaintiffs seek over $90,000. Defendants argue that including a contingency fee (the attorney's fees amounting to 1/3 of the recovery) is not speculative. Id. at pg. 5.

The Court will first address the amount in controversy. The Court will then address diversity of citizenship.

The defendant has the burden of establishing removal is proper and supporting its jurisdictional allegations with competent proof. Gaus, 980 F.2d at 566; Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990). Here, Defendants assert the amount in controversy exceeds $90,000. Doc. No. 15 at pg. 4. Conversely, Plaintiffs assert that Defendants admitted the amount in controversy, prior to adding attorney's fees, is $73,068.30. Id. at pg. 15 (citing Doc. No. 1 at pg. 12). Plaintiffs assert the amount in controversy is $67,535.84. Doc. No. 9-1 at pg. 14. The disagreement appears to be over attorney's fees and whether they should be counted toward the amount in controversy. The Ninth Circuit has decided "that a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount in controversy requirement is met." Fritsch v. Swift Transportation Company of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018). Plaintiffs argue that Defendants' calculation of attorneys' fees lacks evidence and is based on erroneous damages figures. Doc. No. 9-1 at pgs. 10-12. The Supreme Court has ruled that a defendant must prove the amount in controversy by a preponderance of the evidence. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553-54 (2014); 28 U.S.C. §1446(c). In support of their argument for attorney's

4

fees, Defendants offer calculations and explanations of those calculations. See Doc. Nos. 1, 15. Defendants argue that these fees are based off relief that Plaintiffs seek in the first amended complaint. Doc. No. 15 at pg. 4. Defendants assert that they used a standard 1/3 contingency fee model in calculating the attorneys' fees. Id. at pg. 2. For these reasons, this Court finds that Defendants have met their burden of proving the amount in controversy requirement by a preponderance of the evidence.

In arguing diversity of citizenship, Defendants assert that Plaintiffs are from California while Defendants are citizens of Colorado and Delaware. Doc. No. 15 at pg. 3. Plaintiffs do not object to this claim. Id. In response, Plaintiffs assert the California Supreme Court has determined that in a PAGA action, the state, and not the employee, is the opposing party to the employer. Doc. No. 9-1 at pg. 8 (citing Iskanian v. CLS Transportation Los Angeles, LLC, 59 Cal. 4th 348, 387 (2014)). Further, Plaintiffs argue that in a PAGA action, the state of California is the real party in interest and states do not have citizenship for the purpose of diversity jurisdiction. Id. at pg. 8. The Ninth Circuit has determined the following:

"To the extent [p]laintiff can – and does – assert anything but his individual interest, however, we are unpersuaded that such a suit, the primary benefit of which will inure to the state, satisfies the requirements of federal diversity jurisdiction. The state, as the real party in interest, is not a 'citizen' for diversity purposes.' The Court finds that Defendants have not met the burden of establishing complete diversity."

Urbino v. Orkin Services of California, Inc., 726 F.3d 1118, 1122-23 (9th Cir. 2013) (citing Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)). PAGA is state legislation. The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum. Orkin v. Taylor, 487 F.3d 734, 741 (9th Cir. 2007). Further, "[i]f the state's highest appellate court has not decided the question presented, then [the federal court] must predict how the state's highest court would decide the question." Orkin, 487 F.3d at 741 (citing Ticknor v. Choice Hotels Intern., Inc., 265 F.3d 931, 939 (9th Cir. 2001). Here, Plaintiffs cite to the California Supreme Court in asserting that the state of California

is the real party in interest. Doc No. 9-1 at pg. 8. Seeing no apparent reason to interpret state case law differently, this Court accepts Plaintiffs' assertion of the California Supreme Court's ruling. The Court finds that Defendants fail to meet the burden of establishing complete diversity of citizenship. Thus, the Court **GRANTS** Plaintiffs' motion to remand.

### b. Motion to Compel Arbitration

Accordingly, the Court **DENIES** Defendants' motion to compel arbitration and stay the proceeding (Doc. No. 6) as moot.

### CONCLUSION

Based on the foregoing reasons, **IT IS HEREBY ORDERED THAT** Plaintiff's motion to remand (Doc. No. 9) is **GRANTED**. Accordingly, Defendants' motion to compel arbitration and stay proceedings (Doc. No. 6) is **DENIED** as moot.

**IT IS SO ORDERED**.

DATED: December 13, 2018

_____
JOHN A. HOUSTON
United States District Judge